**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2539
_____

UNITED STATES OF AMERICA

v.

CHRISTOPHER RAD,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  3-11-cr-00161-001)
District Judge:  Honorable Joel A. Pisano

Submitted under Third Circuit LAR 34.1(a)
March 3, 2104

(Opinion filed: March 14, 2014)

Before:  RENDELL, SMITH and HARDIMAN, Circuit Judges

O P I N I O N

**RENDELL**, Circuit Judge:

On appeal, Christopher Rad urges that the District Court denied him a fair trial by

misinterpreting the CAN-SPAM Act and preventing his counsel from properly defending

his case by "changing the rules" of the trial during the trial.  (Appellant's Br. at 27.)

1

Rad was on trial for alleged securities fraud and illegal spamming.[1]  The complicated nature of the scheme is detailed in the Government's brief but is not material to this appeal.  What is material is that the defense took the position at trial that if a person who received the emails that Rad sent had "opted-in," i.e. consented to receive emails, they would not fall within the definition of "commercial electronic mail" under the civil provisions of the CAN-SPAM Act, because they were "transactional or relationship" messages, and thus not unlawful.  *See* 15 U.S.C. § 7702(2)(A)-(B).  During the trial, the District Court ruled that opting-in did not convert the message into a "transactional or relationship" message, and so instructed the jury.

The difficulty with Rad's argument on appeal is that he essentially urges that he was prejudiced because the Government did not object to this incorrect statement of the law earlier in the trial, so that he continued to pursue a flawed defense.  He also urges that he was prejudiced by the District Court's allowing him pursue his incorrect theory early in the trial, only later telling the jury that it was not correct and should be disregarded.  Counsel urges that the jury should have decided whether the opt-ins were "transactional or relationship email" messages, but the Court ruled that there was no basis in the record for the jury to consider that issue.[2]

---

[1] Specifically, Rad was charged with conspiracy to commit securities fraud, under 15 U.S.C. §§ 78j(b) and 78ff, as well as conspiracy to falsify header information in multiple emails, under 18 U.S.C. § 1037(a)(3).  Rad was also charged with multiple substantive violations of the CAN-SPAM Act, for illegal spamming, under 18 U.S.C. §§ 1037(a)(1)-(4).

[2] The Court specifically stated in part, "there is no transaction that [the recipients] entered into with . . . Mr. Rad, for that matter, or any of the securities which were being discussed in the particular e-mails."[2]  (App. 188.)

In his brief, Rad explains his "position" regarding the applicability of the exclusion based on the recipients' "opt-in" status: "it was Mr. Rad's position that as far as he knew or requested, all e-mails were sent only to persons who had opted in to receive information about stocks, and thus there was a 'relationship' between such opt-ins and the mailers of the stock information." (Appellant's Br. at 31-32.) Specifically, Rad claimed that as certain of his compatriots purchased, from a third party, lists of email addresses of people who sought stock information, such people had therefore "opted-in" to the receipt of his emails.

Noticeably lacking from Rad's brief, however, is any support in law for the notion that someone who agreed to receive an email therefore had a "relationship" with the eventual mailer. The statutory definition of a "transactional or relationship" message that Rad references requires that the primary purpose of the communication is to deliver goods or services "that the recipient is entitled to receive under the terms of a transaction that the recipient has previously agreed to enter into with the sender." 15 U.S.C. § 7702(17)(A)(v). Rad fails to see the disconnect between the recipient's having opted-in to receive information, versus a recipient's receiving a follow-up good or service pursuant to the terms of *a previous transaction with the sender*.[3] Rad has never indicated – either before the District Court or on appeal – that any previous transactions had ever taken place between any of the recipients and the sender(s) of the spam at issue; indeed there were none.

---

[3] The other potentially applicable definition of transactional or relationship emails, 15 U.S.C. § 7702(17)(A)(i), also contains the requirement of a prior transaction with the sender.

Further, Rad's alleged lack of a fair trial was due not to any dilatory conduct on the part of the Government in not objecting at the first possible moment during the trial, nor to the District Court's appropriate ruling that the defense theory was a misstatement of the law. Rather, the trial proceeded as it did with the resulting need for defense counsel to abandon one of his arguments, because he chose a line of defense that was lacking in support, as a matter of law, so as to be misleading to the jury. The District Court had every right to prevent this. The Government urges that the fact that the ruling was belated was a result of defense counsel's failure to test his theory in pretrial motions. We agree.

In any event, Rad did not object to the supposedly delayed nature of the ruling and curative instruction by the District Court. Accordingly, his claim of a due process violation on that ground is reviewed for plain error. Because the District Court did not err, let alone plainly, Rad's claim fails. We reach a similar conclusion as to Rad's claim that a mistrial should have been declared once one of the defense arguments was deemed not credible. (Appellant's Br. at 35.) Rad never requested a mistrial and the District Court did not commit plain error in allowing the trial to proceed.

In sum, Rad erroneously interpreted the CAN-SPAM Act at trial and continues to advance the same mistaken argument on appeal. He has also failed to show that he was denied a fair trial. Accordingly, we will affirm the judgment of the District Court.