**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1426
_____

CHRISTOPHER RAD,
Appellant

v.

WARDEN PIKE COUNTY CORRECTIONAL FACILITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-00030)
District Judge: Honorable Yvette Kane

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
May 27, 2021

Before: JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: June 11, 2021)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Christopher Rad appeals from the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm.

Following a 2012 jury trial in the United States District Court for the District of New Jersey, Rad was convicted of several charges relating to his role in a conspiracy involving the use of spam emails as part of a "pump and dump" stock price manipulation scheme. Rad was sentenced to 71 months in prison, and we affirmed the judgment. See United States v. Rad, 559 F. App'x 148 (3d Cir. 2014).

Rad later filed a 28 U.S.C. § 2255 motion in the sentencing court challenging his conviction and sentence. The District Court denied the motion, and Rad appealed. While Rad's appeal of the denial of his § 2255 motion was pending, we decided another appeal addressing the immigration consequences of Rad's convictions. See Rad v. Att'y Gen., 983 F.3d 651 (3d Cir. 2020) ("Rad II"). After we issued a certificate of appealability in Rad's § 2255 appeal, we affirmed. See Rad v. United States, 844 F. App'x 593 (3d Cir. 2021) (per curiam) ("Rad III"). During the appeal in Rad III, Rad filed a motion seeking to assert a claim that, based on our ruling in Rad II, he had been rendered innocent of one of his counts of conviction. We noted that we could construe this motion as an application under 28 U.S.C. §§ 2244 and 2255 for leave to file a second or successive § 2255 motion, but declined to do so because Rad's reliance on Rad II did not qualify for authorization, see 28 U.S.C. § 2255(h), and because the claim itself lacked merit. See Rad III, 844 F. App'x at 597 n.7.

2

In January 2021, Rad filed the § 2241 petition that gave rise to this appeal, raising the same argument based on Rad II that we rejected in Rad III. The District Court dismissed the petition for lack of jurisdiction.

Rad appeals. We have jurisdiction under 28 U.S.C. § 1291.[1] Our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. L.A.R. 27.4 and I.O.P. 10.6.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal. A motion under 28 U.S.C. § 2255, and not a habeas corpus petition under 28 U.S.C. § 2241, generally is the exclusive means to challenge a federal sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]"). As noted, Rad already filed a § 2255 motion, which was denied by the sentencing court.

Section 2255(e) of Title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it . . . appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping

---

[1] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

requirements of the amended § 2255." Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). "It is the inefficacy of the remedy, not the personal inability to utilize it, that is determinative." Id. at 538.

When a federal prisoner attacks the validity of his conviction, he may proceed under § 2241 only if (1) he asserts a colorable claim of actual innocence on the theory that "he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and (2) he is "otherwise barred from challenging the legality of the conviction under § 2255." Cordaro v. United States, 933 F.3d 232, 239 (3d Cir. 2019) (quoting Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017)).

Rad's claims do not meet this standard. Not only has he failed to show that the conduct for which he was convicted has been decriminalized by a subsequent Supreme Court decision, we have specifically noted that the claim he attempted to raise in his § 2241 petition is meritless, i.e., the count of conviction in question has not been rendered non-criminal. Accordingly, for the reasons explained herein, the District Court lacked jurisdiction over Rad's § 2241 petition and properly dismissed the petition.